EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
MICHELLE DES JARDINS
Supervising Deputy Attorney General
SUSAN E. COLEMAN, State Bar No. 171832
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-3083
Facsimile: (619) 645-2581
Email: Susan.Coleman@doj.ca.gov

Attorneys for Defendants R. Hernandez,
R. Lawson and B. Morris

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN SPENCER,**<br><br>Plaintiff,<br><br>v.<br><br>**HERNANDEZ, et al.,**<br><br>Defendants. | 08 CV-00416 JM (JMA)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Hearing: September 5, 2008<br>Time: 9:00 a.m.<br>Courtroom: D<br>Judge: The Honorable Jan M. Adler<br><br>**No Oral Argument or Appearance Required** |

Defendants Hernandez, Lawson, and Morris[1] hereby move to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies. Fed. R. Civ. P. 12(b). Plaintiff's state law claims should also be dismissed for failure to file a Government claim. Additionally, Defendants Warden Hernandez and Captain Morris should be dismissed because they are supervisors but were not personally involved in and did not cause any violation of Plaintiff's rights, and cannot

1. Defendants Lu and Roberts have not yet been served. (*See* Docs. #10-11.)

be sued on a *respondeat superior* basis. Finally, Plaintiff's claim for injunctive relief should be dismissed because he fails to show any immediate threat of irreparable injury, and Defendants should be dismissed from suit for damages in their official capacities.

**STATEMENT OF THE CASE**

On March 4, 2008, Plaintiff filed a civil rights Complaint, alleging that Defendants used excessive force against him at the Richard J. Donovan Correctional Facility on March 5, 2006, were deliberately indifferent to his safety, and destroyed the medical reports of his exam following the incident. (Doc. #1.)

Defendants now move to dismiss the Complaint. Fed. R. Civ. P. 12.

**STANDARD ON MOTION TO DISMISS**

"In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003). Matters subject to judicial notice under Federal Rule of Evidence 201 may be considered in deciding Rule 12(b) motions, and official records and reports may be considered without converting a Rule 12(b)(6) motion into a Rule 56 summary judgment motion. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *McRae v. Hogan*, 576 F.2d 615, 616 n.2 (5th Cir. 1976) (allowing judicial notice of prison records on appeal under Rule 201). Federal Rule of Evidence 803(7) also provides that the absence of business records may "prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate a lack of trustworthiness."

**ARGUMENT**

**I.**

**PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

This Court should dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b), because Plaintiff failed to exhaust his administrative remedies before filing suit, as required by law. Plaintiff failed to file <u>any</u> appeal alleging that Defendants Lawson and Roberts

used excessive force against him on March 5, 2006, or that Defendants Hernandez and Morris contributed to the incident because of negligent supervision or deficient policies. In fact, Plaintiff has not filed any appeals at R.J. Donovan which were accepted for review since 1990.

The Prison Litigation Reform Act requires inmates to exhaust administrative remedies before filing suit. The requirement states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Compliance with this exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The specific administrative requirements that must be exhausted are those that are established by the particular prison system. *Jones v. Bock*, 549 U.S. 199, __, 127 S. Ct. 910, 923 (2007). In California, those administrative remedies are described in Title 15 of the California Code of Regulations. Inmates in California may "appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An inmate wishing to exhaust his remedies must complete four steps: (1) attempted informal resolution, (2) first formal level appeal, (3) second formal level appeal, and (4) third, or director's level appeal. Cal. Code Regs. tit. 15, § 3084.5. The administrative process is completed, or exhausted, only after the inmate receives a decision from the Director. Cal. Dep't of Corrections Operations Manual, § 54100.11; *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). An inmate may not file suit in federal court until he has completed every step of this exhaustion process. *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006).

In *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the Court of Appeals held that the proper pretrial vehicle for challenging and establishing an inmate's failure to comply with this exhaustion requirement is to file "an unenumerated Rule 12(b) motion[.]" *Id.* at 1119. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. As explained below

///

and as reflected in the declarations of E. Franklin and T. Emigh filed in support of this motion, Plaintiff did not exhaust his administrative remedies so his Complaint should be dismissed.

Plaintiff did not file any appeals about Defendants' conduct in the March 5, 2006 incident. (Franklin Decl. ¶ 7; Emigh Decl. ¶ 7; Curiel Decl. ¶ 7.) If Plaintiff had filed a complaint about the incident itself, such as a staff complaint about Defendant Winslow, it would have had to have been filed within fifteen working days of the alleged misconduct, or by March 24, 2006. (*See* Cal. Code of Regs. tit. 15, § 3084.6(c).) Plaintiff has not filed any appeals at the R.J. Donovan Correctional Facility that were accepted for review since 1990, years before the incident. (Franklin Decl. ¶ 7.) Nor did Plaintiff file any appeals about the incident at California State Prison - Los Angeles County in Lancaster, where he resided from July 6, 2006, until August 28, 2006, when he was paroled. (Curiel Decl. ¶¶ 7, 9.) Finally, Plaintiff has not filed any appeals that were accepted for review at the third level since the date of the incident. (Emigh Decl. ¶ 7.)

Plaintiff contends he tried to exhaust but had "ongoing memory loss that has impaired the proper following up of 602. . . ." (Compl. at 6.) Plaintiff alleges he sent out an appeal (Form 602) "and believes it never met destination" but that he has recently learned of a special mailbox at the prison directed solely to the Appeals Coordinator and he "did recently file a petition (602) on this issue and is awaiting a response." (*Id.*) Plaintiff's excuses amount to a concession that he has not yet exhausted. In *Booth,* 532 U.S. at 741 n.6, the Supreme Court specifically noted that it would "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." If the exhaustion requirement were not enforced, inmates could simply wait until their deadline to appeal had expired, and then file suit. *See Smith v. Zachary,* 255 F.3d 446, 452 (7th Cir. 2001) (The PLRA precludes any argument of substantial compliance where the prisoner makes "a good faith attempt" but fails to exhaust).

Because Plaintiff failed to pursue a timely appeal about the incident through the entire administrative process, as required under California law, *see* Cal. Code Regs. tit. 15, § 3084.5, he failed to exhaust his remedies as required by federal law. 42 U.S.C. § 1997e(a); *Barry v. Ratelle,*

///

985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997). Accordingly, Plaintiff's Complaint should be dismissed as to all claims under Federal Rule of Civil Procedure 12(b) for failure to exhaust.

## II.

## PLAINTIFF'S STATE TORT CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO TIMELY FILE A GOVERNMENT CLAIM

Plaintiff sets forth state law claims for cruel and unusual punishment under the California Constitution, deliberate indifference under state law, and destruction of medical records. (Compl. at 3-4.) However, assuming *arguendo* these are valid state law causes of action in the first instance, Plaintiff failed to file a government tort claim against any Defendants. (*See* Brusato Decl.) Accordingly, his state law claims should be dismissed.

Under California statute, the filing of a tort claim in the time and manner prescribed by statute is a prerequisite to the filing of a lawsuit against any state employee or agency. Cal. Gov't Code, §§ 905.2, 911.2, 945.4, 950.2.[2/] A complaint for such damages against the state or its employees must allege timely compliance with the claims requirement since noncompliance bars the action. *Taylor v. Mitzel*, 82 Cal.App.3d 665, 671 (1978). "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776 (1995).

California Government Code section 900, et seq.[3/], provides the requisites for the filing of a tort claim against employees of the State of California. Where recovery of damages from a public employee is sought, the Tort Claims Act requires the presentation, in accordance with its provisions, of all claims for money or damages against the public entity. Section 911.2 specifies that a claim relating to injury to the person must be presented within six months of the accrual of the cause of action. Sections 911.2 and 911.4 specify that leave to file a claim after the six-

---

2. Under the doctrine of pendent jurisdiction, this Court is required to apply state substantive law. *United Mine Worders of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Erie v. Tompkins*, 304 U.S. 64 (1938). The provisions of California's Tort Claims Act are substantive in nature since they provide an express condition precedent to bringing suit against a public employee. Cal. Gov't Code §§ 900 et seq.

3. Also known as the Tort Claims Act.

month deadline must be sought within one year after the accrual of the cause of action. Section 945.4 specifies that absent a timely claim, no action may be brought against the public entity. Section 950.2 states that a cause of action against a public employee for injury resulting from an act or omission in the scope of his or her employment is barred if an action against the employing public entity is barred. *Fisher v. Pickens*, 225 Cal.App.3d 708, 718 (1990).

Plaintiff does not explain in his Complaint any reason for not yet having filed a state tort claim against Defendants. (*See* Compl.) However, the claims-presentation time limits are mandatory. The statutes contain no authorization for tolling or extending the 6-month presentation period, unless Plaintiff can prove his incarceration prevented him from filing, which he has not claimed. Additionally, the Tort Claims Act provides a special late claim procedure under which, in specified circumstances, permission may be obtained to present a claim after the normal 6-month period has expired, or to commence an action without the formal presentation of a claim. *See* Cal. Gov't Code §§ 911.4, 911.6, 911.8, 912.2, 946.6.

Here, there is no evidence that Plaintiff sought permission to file a late tort claim. (*See* Brusato Decl. ("unable to locate any claims").) Nor did he seek leave of court to file suit on the additional claims without meeting the State Tort Claim Act requirements. Because Plaintiff did not timely file a Government claim, did not seek permission to file a late tort claim, and did not seek leave of court to file state claims without meeting the State Tort Claim requirements, Plaintiff's state tort claims for cruel and unusual punishment and destruction of medical reports are barred. *See McLaughlin*, 29 Cal.App.3d at 35.

## III.

## DEFENDANTS HERNANDEZ AND MORRIS SHOULD BE DISMISSED BECAUSE THEY WERE NOT INVOLVED IN AND DID NOT CAUSE ANY CONSTITUTIONAL VIOLATIONS

Plaintiff sues Warden Hernandez and Captain Morris because of their supervisory positions, but never connects them personally or causally to any of the alleged wrongs in the Complaint. Because Defendants Hernandez and Morris may not be sued for *respondeat superior* liability, and were not personally involved and did not cause any civil rights violations, they should be dismissed from the suit.

Supervisors can only be held liable for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others. *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). There must be a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

Here, Plaintiff alleges that Warden Hernandez is responsible "to supervise the government, discipline and policy of the prisons, and to enforce all orders and regulations." (Compl. at 2.) These allegations are generic and refer only to the Warden's job duties and the chain of command of supervision. Plaintiff does not specify any involvement in the incident by Warden Hernandez, nor does he explain how the Warden caused any violation of his civil rights. (*Id.* at 3-5.) Similarly, Plaintiff relies on Captain Morris's job title to establish his alleged liability, stating "Facility Captains are the highest ranking supervisor of the facility four (4) yard and has the duty to supervise . . . and maintain all rules and policies." (*Id.* at 2.) In the main portion of the Complaint, Plaintiff does not provide additional details explaining any particular basis for Morris's liability apart from his rank. (*See id.* at 3-5.) Where a plaintiff seeks damages for a violation of his constitutional rights, the court "must take a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Plaintiff's failure to provide details of Defendants' personal involvement with, or causation of, his alleged constitutional violations is fatal to his claim. Defendants Hernandez and Morris should accordingly be dismissed.

**IV.**

**DEFENDANTS ARE IMMUNE TO SUIT FOR DAMAGES IN THEIR OFFICIAL CAPACITY**

Plaintiff sues Defendants in both their individual and official capacities. (Compl. at 2.) However, Defendants as governmental employees are immune to suit in their official capacities for money damages.

///

It is well established that a state cannot be sued for damages in federal court. *Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997) ("The Eleventh Amendment immunizes states from private damage actions brought in federal court."). Likewise, a suit for damages against a state official in his official capacity is barred by the Eleventh Amendment. *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).

In this case, Plaintiff sues Defendants Hernandez, Lawson, Morris, and Roberts in their individual and official capacities. (Compl. at 2.) In his prayer for relief, Plaintiff seeks compensatory damages of $300,000 and punitive damages of $1,000,000 against these Defendants. (*Id.* at 7.) Because this Court lacks jurisdiction to entertain a claim for monetary damages against a state or state agency or official in his or her official capacity, Plaintiff's monetary claims against Defendants in their official capacities must be dismissed.

## V.

## PLAINTIFF FAILS TO DEMONSTRATE HE IS ENTITLED TO INJUNCTIVE RELIEF

Plaintiff seeks an injunction preventing Defendants "from all reprisals that include any unusual acts to unnecessarily deprive petitioner of any right safeguarded by State and Federal Constitution. A restraining order against the touching of any legal documents during cell searches without the presence of a Sgt or Lieutenant present during the search. Full access to law library daily to further litigate this action at least 90-days library access. Cameras installed in all areas where officers could hurt someone as a deterant [sic] of crime." (Compl. at 7.) Because Plaintiff fails to allege any ongoing or prospective violations of his constitutional rights, but instead provides a laundry list of his wishes and proposed prevention for speculative problems, he is not entitled to injunctive relief.

///

///

///

///

The Prison Litigation Reform Act of 1995 restricts this Court's power to grant prospective relief regarding civil actions involving prison conditions.

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a).

Injunctive relief is available to a litigant only upon a showing that there is a "real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "The Supreme Court has repeatedly cautioned that absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way." *Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999); *see also Midgett v. Tri-County Metro. Transp. Dist.*, 254 F.3d 846, 850 (9th Cir. 2001).

The Complaint is devoid of allegations that Defendants continue to or will in the future act in any way to violate Plaintiff's constitutional rights. Plaintiff does not allege he has been threatened or punished in retaliation for this action. There is no ongoing violation of a federal right that meets the high standard of proof necessary to obtain injunctive relief. Plaintiff's request for injunctive relief is vague and ambiguous, clearly goes beyond the scope of any alleged violation of a federal right, and is not the least intrusive means to correct any alleged violation of a federal right. Therefore, Plaintiff fails to demonstrate he is entitled to injunctive relief in this action.

///

///

///

///

///

**CONCLUSION**

Defendants respectfully request that this Court dismiss Plaintiff's complaint for failure to exhaust because he did not file an appeal regarding the incident on March 5, 2006. Plaintiff's state law claims should also be dismissed for failure to file a Government claim. Defendants Hernandez and Morris should be dismissed for lack of causation and/or involvement. Plaintiff's claim for injunctive relief should also be dismissed because he fails to show any immediate threat of irreparable injury, and Defendants should be dismissed from suit for money damages in their official capacities.

Dated: July 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

MICHELLE DES JARDINS
Supervising Deputy Attorney General

/s/ Susan E. Coleman

SUSAN E. COLEMAN
Deputy Attorney General
Attorneys for Defendants R. Hernandez,
R. Lawson and B. Morris

Spencer.wpd
SD2008700550

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Spencer, Nathan v. Hernandez, et al.**

Case No.: **08 CV-00416 JM (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 21, 2008, I served the attached **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**Nathan Spencer**
**CDCR No. D-29593**
**Richard J. Donovan Correctional Facility**
**P.O. Box 799006**
**San Diego, CA 92179-9006**

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 21, 2008, at San Diego, California.

B. Magallanes — Declarant

[signature] — Signature

70130971.wpd