UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NATHAN SPENCER,
Plaintiff,
v.
ROBERT J. HERNANDEZ, et al.,
Defendants.

Case No. 08-CV-0416-JM (JMA)

**ORDER DENYING PLAINTIFF'S MOTIONS [DOC NOS. 9, 13, 15, 22, 24, 26, 29, 32] WITHOUT PREJUDICE**

Plaintiff has filed eight motions regarding discovery and other matters as listed below:

1. Motion for discovery filed May 20, 2008 [Doc. #9]
2. Motion for temporary restraining order filed June 20, 2008 [Doc. #13]
3. Motion for discovery of Defendants' addresses filed June 30, 2008 [Doc. #15]
4. Motion for default judgment filed July 24, 2008 [#22]
5. Motion to amend Complaint and for service of summons by publication filed August 15, 2008 [Doc. #24]
6. Motion to extend time for summons filed August 27, 2008 [Doc. #26]
7. Motion for subpoena duces tecum filed September 16, 2008 [Doc #29]; and
8. Motion for service by summons, filed September 29, 2008 [Doc. #32].

Filed concurrently with this Order is a Report and Recommendation

recommending that Plaintiff's Complaint be dismissed in its entirety. After consideration and review of each of Plaintiff's motions, the Court rules that each of the motions is DENIED for the reasons set forth below.

**Plaintiff's discovery motions [Docs. 9, 15, 24, 26, 29, 32] are denied as moot**

The majority of the motions filed by Plaintiff relate to his request for a current address for Correctional Officer Roberts so that he may serve a summons on him, or a request to effectuate service some other way, such as by publication. *See* Motion for discovery filed May 20, 2008 [Doc. #9], Motion for discovery of defendants' addresses filed June 30, 2008 [Doc. #15], Motion to amend complaint, strike one defendant and resubmit summons publication, filed August 15, 2008 [Doc. #24], Motion to extend time for summons filed August 27, 2008 [Doc. #26], Motion for service by summons, filed September 29, 2008 [Doc. #32].

As indicated above, this Court has filed a Report and Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety. For that reason, each of Plaintiff's motions is moot and is hereby denied without prejudice. In addition to addressing issues regarding service on Defendant Roberts, Plaintiff's motion to amend the complaint [Doc. #24] seeks to strike Defendant Lu from the Complaint as improperly named. However, since the Report and Recommendation recommends dismissal of the entire Complaint, and since Lu was never served in this case, this amendment is moot. Likewise, Plaintiff's Motion for Subpoena Duces Tecum filed September 16, 2008 [Doc #29], by which Plaintiff seeks additional discovery regarding the 602 grievance, is denied as moot, because even if the facts alleged by Plaintiff (*i.e.*, that he prepared a 602 grievance and handed the 602 grievance to Roberts but did not follow-up on the 602 due to threats by Roberts) are accepted as true, as they must be on Defendants' Motion to Dismiss, this is not sufficient as a matter of law to excuse Plaintiff from exhausting his administrative remedies. *See* Report and Recommendation, § IV; *Woodford v. Ngo*, 548 U.S. 81, 83 (2006) (holding that under the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997(e)(a), full and "proper exhaustion of administrative

remedies is necessary”).

**Plaintiff’s motion for a temporary restraining order [Doc. 13] is denied**

Plaintiff’s motion for a temporary restraining order [Doc. 13] asks the Court to order that he be provided with pens, paper and office supplies, and that the Court order restrictions on searches of his cell. Defendant filed no response to the motion. After a thorough review of the motion, the Court denies it for the following reasons.

The purpose of a temporary restraining order (“TRO”) is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgement. *See Granny Goose Foods, Inc. v. Bhd of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). As such, an applicant for a TRO is required to demonstrate “immediate and irreparable injury, loss or damage.” Fed. R. Civ. P. 65(b); *see also Caribbean Marine Serv. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). As Plaintiff has failed to demonstrate immediate, irreparable injury, his motion for a temporary restraining order is denied.

**Plaintiff’s motion for default judgment [Doc. 22] is denied**

Plaintiff requests that default judgment be entered against Defendants because they failed to answer the summons within 20 days. Plaintiff’s motion for entry of default judgment [Doc. 22] is denied because Defendants timely responded to the Complaint. Defendants Morris, Lawson and Hernandez returned an executed Waiver of Service on June 25, 2008 [Docs. 17, 18, 19]. Therefore, their response was due within 60 days, by August 25, 2008. *See* Waivers of Service of Summons & Complaint, Doc. Nos. 17-19; Fed. R. Civ. Pro. 4(d)(1)(F). Defendants filed their motion to dismiss on July 21, 2008 [Doc. 20]. Therefore, Defendants’ response was timely and entry of default is not appropriate.

**IT IS SO ORDERED.**

DATED: February 9, 2009

Jan M. Adler
U.S. Magistrate Judge